**SO ORDERED.**

**SIGNED this 14 day of May, 2026.**

**David M. Warren**
**United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SAINT AUGUSTINE'S UNIVERSITY** | **Case No.: 26-01864-5-DMW** |
| **Debtor** | |

**INTERIM ORDER AUTHORIZING DEBTOR-IN-POSSESSION FINANCING AND APPROVAL OF SECURITY INTERESTS, LIENS, AND ENCUMBRANCES <u>TO SELF-HELP VENTURES FUND</u>**

Upon the Emergency Motion of Saint Augustine's University for Entry of Interim and Final Orders Authorizing Debtor-in-Possession Financing and Approval of Security Interests, Liens, and Encumbrances to Self-Help Ventures Fund (the "DIP Financing Motion") filed by Saint Augustine's University (the "Debtor"), as debtor and debtor-in-possession in the above-captioned Chapter 11 case, seeking entry of an interim order (this "Interim Order") pursuant to Sections 105(a), 363(b), and 364(c) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 4001(b), 4001(c), and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtor to obtain post-petition financing from Self-Help Ventures Fund ("Self-Help" or the "DIP Lender") on the terms and conditions set forth herein and in the DIP Loan Documents, which is the collective term for the attendant loan documents

necessary to consummate the DIP Loan Transaction; and a hearing having been held before this Court on May 12, 2026 (the "Interim Hearing") to consider the relief requested in the DIP Financing Motion on an interim basis; and notice of the Interim Hearing having been given in accordance with the DIP Financing Motion; and the Court having considered the DIP Financing Motion, the declarations and evidence presented at the Interim Hearing, and the arguments of counsel; and it appearing that the relief requested in the DIP Financing Motion is in the best interests of the Debtor, its estate, its creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor;

THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding in which final orders or judgments may be entered by a bankruptcy court pursuant to 28 U.S.C. § 157(b)(2). This Court has authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On April 27, 2026 (the "Petition Date"), the Debtor filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtor has continued to operate its organization and manage its property as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. Notice of the DIP Financing Motion and the Interim Hearing was provided to the office of the Bankruptcy Administrator, those creditors holding the 20 largest unsecured claims against the Debtor's estate, secured creditors, and any party that has requested notice pursuant to

Bankruptcy Rule 2002. Under the circumstances, such notice is adequate and sufficient, and no other or further notice is required.

4. The Debtor has an immediate and critical need to obtain the financing and credit through the DIP Loan/DIP Loan Transaction, which are the collective terms for the entire credit transaction between the Debtor and Self-Help, including all attendant loan documents necessary to consummate the transaction. The Debtor does not have sufficient funding or income to continue its operations without the DIP Loan, and without the DIP Loan the Debtor will not have an opportunity to reorganize through this Bankruptcy Case. The ability of the Debtor to pay its employees and maintain business relationships with its vendors requires the availability of necessary capital from the DIP Loan, the absence of which would immediately and irreparably harm the Debtor, the bankruptcy estate, creditors, and parties-in-interest. The terms and conditions of the DIP Loan Transaction are fair, reasonable, and adequate given the circumstances of the Debtor and the DIP Lender.

5. Based on its experience seeking financing before the Petition Date, the Debtor was unable to obtain post-petition financing or other financial accommodations from any alternative debtor-in-possession lender on more favorable terms and conditions than those for which approval is sought herein. Substantially all of the Debtor's existing assets are encumbered under its existing capital structure, and no alternative sources of financing exist or are reasonably available. The Debtor is unable to obtain unsecured credit allowable as an administrative expense under Section 503(b)(1) of the Bankruptcy Code.

6. The DIP Loan Transaction has been negotiated at arms-length and in good faith between the Debtor and Self-Help, and all obligations incurred under the DIP Loan Transaction are entitled to the benefits of Section 364(e) of the Bankruptcy Code. Self-Help is extending credit

to the Debtor pursuant to the DIP Loan Documents in good faith and is entitled to the protections of Section 364(e) of the Bankruptcy Code.

7. Prior to the Petition Date, Self-Help purchased the Prepetition Collateral Documents relating to (i) the credit facility originally between the Debtor and Bank OZK in the original principal amount of $7,000,000.00 (the "OZK Facility"), and (ii) the credit facility originally between the Debtor and Gothic Falcon, LLC up to $30,000,000.00 (the "Gothic Falcon Facility," and together with the OZK Facility, the "Prepetition Facilities"). The obligations under the Prepetition Facilities are collectively referred to as the "Prepetition Obligations," and the security instruments thereunder are collectively referred to as the "Prepetition Collateral Documents."

8. The Debtor has satisfied the requirements of Section 364(c) of the Bankruptcy Code. The DIP Loan Transaction represents an exercise of the Debtor's sound and reasonable business judgment, no alternative financing is available on any other basis, the financing is in the best interests of the estate and its creditors, and no better offers, bids, or timely proposals are before the Court.

Based upon the foregoing findings of fact and conclusions of law, and after due deliberation, and good and sufficient cause appearing therefore,

IT IS **HEREBY ORDERED, ADJUDGED, AND DECREED** AS FOLLOWS:

1. The DIP Financing Motion is GRANTED on an interim basis, as set forth herein. The Debtor is authorized, pursuant to Sections 105(a), 363(b), and 364(c) of the Bankruptcy Code, to obtain post-petition credit and financing from Self-Help Ventures Fund on the terms and conditions set forth in this Interim Order and in the DIP Loan Documents, in an aggregate principal amount not to exceed $200,000.00 on an interim basis, pending entry of a final order (the "Final

Order") on the DIP Financing Motion, consistent with the initial DIP Budget attached hereto as Exhibit 1. Notwithstanding the foregoing, the Debtor is authorized, without further order of this Court, to spend up to ten percent (10%) in excess of any individual line item in the approved DIP Budget (the "Permitted Variance"). The Debtor may exceed the Permitted Variance by up to an additional Twenty Thousand Dollars ($20,000.00) in the aggregate; provided, however, that such additional expenditure shall require the prior written consent of both the DIP Lender and the Bankruptcy Administrator, which consent may be granted or withheld in their respective sole discretion. The Debtor is authorized to execute any and all documentation necessary to consummate the DIP Loan Transaction (as defined in the DIP Financing Motion), including any and all attendant loan documents (collectively, the "DIP Loan Documents").

2. The DIP Facility shall be a debtor-in-possession revolving credit facility (the "DIP Facility"), subject to the terms set forth in the Term Sheet attached to the DIP Financing Motion as Exhibit B.

3. As security for all obligations arising under the DIP Loan Documents, Self-Help is hereby granted, effective immediately and without the necessity of the execution, recordation, or filing of any instruments of further assurance, pursuant to Sections 364(c)(2) and 364(c)(3) of the Bankruptcy Code, a continuing, valid, binding, enforceable, non-avoidable, and automatically perfected post-petition security interest in and lien upon (the "DIP Liens") the following property (collectively, the "DIP Loan Collateral"): (i) all real property of the Debtor, including the campus at 1315 Oakwood Avenue, Raleigh, North Carolina 27610; (ii) all personal property; (iii) all accounts, inventory, equipment, instruments, chattel paper, deposit accounts, general intangibles, investment property, and intellectual property; (iv) all rents, leases, and contracts; (v) all proceeds

and products of the foregoing; and (vi) all of the collateral described in the Prepetition Collateral Documents.

4. The DIP Liens shall constitute: (i) a first priority lien on all DIP Loan Collateral that is not otherwise subject to a valid and perfected lien as of the Petition Date; and (ii) a junior lien on all DIP Loan Collateral that is subject to a valid and perfected lien as of the Petition Date, subject only to the Carve-Out (defined below).

5. Notwithstanding anything herein to the contrary, the § 506(c) surcharge waiver requested in Section XIV of the Term Sheet is not approved at this time and is reserved for consideration at the Final Hearing. Nothing herein shall be deemed a waiver of the DIP Lender's right to seek a § 506(c) waiver in the Final Order upon a full record.

6. The DIP Lender shall not be subject to the equitable doctrine of marshaling or any similar doctrine with respect to the DIP Loan Collateral solely in connection with the enforcement of DIP Obligations arising under the DIP Facility. Nothing herein shall constitute a waiver of the equitable doctrine of marshaling with respect to the DIP Lender's prepetition lien rights.

7. The Debtor agrees to indemnify and hold harmless the DIP Lender from and against any and all claims, damages, losses, liabilities, obligations, penalties, fees, reasonable costs and expenses (including reasonable attorneys' fees and costs) arising out of or related to the DIP Facility or the DIP Loan Documents; provided, however, that: (i) the indemnification obligations under this paragraph shall not apply to any claims, disputes, or causes of action asserted by the estate, any trustee, or any official committee of unsecured creditors against the DIP Lender in its capacity as DIP Lender or prepetition secured creditor; and (ii) the aggregate amount of indemnification obligations shall not exceed $75,000.00.

8. Entry of this Interim Order shall not constitute approval of individual budgeted expenditures. The Bankruptcy Administrator and all parties in interest reserve the right to object to specific line items in the DIP Budget.

9. Notwithstanding any provision of this Interim Order or the DIP Loan Documents to the contrary: (a) in the event a trustee is appointed under 11 U.S.C. § 1104 or upon conversion under § 1112, such trustee's authority to seek approval of settlements under Fed. R. Bankr. P. 9019 shall not be conditioned upon the prior written consent of the DIP Lender; (b) any such trustee shall retain the authority to exercise independent business judgment in the administration of the estate, subject to compliance with the DIP Budget and applicable provisions of the Bankruptcy Code and Orders of this Court; and (c) nothing in this Interim Order shall be construed to waive, limit, or prejudice any avoidance action or other cause of action available to a trustee under applicable provisions of the Bankruptcy Code, including but not limited to 11 U.S.C. §§ 544, 547, 548, and 549.

10. Notwithstanding anything herein to the contrary, the DIP Liens shall be subject to a carve-out (the "Carve-Out") for the following: (i) All statutory fees payable to the Bankruptcy Administrator or the Clerk of the Bankruptcy Court, including quarterly fees due under 28 U.S.C. § 1930; (ii) All reasonable and necessary fees, costs, and expenses of professionals retained by the Debtor and any official committee of unsecured creditors appointed in the Chapter 11 Case (if any).

11. The DIP Liens and all security interests and liens granted pursuant to this Interim Order shall be deemed automatically perfected upon entry of this Interim Order without the necessity of any further action by the Debtor or Self-Help, including without limitation, the filing of any financing statements, mortgages, deeds of trust, or other instruments of further assurance.

Notwithstanding the foregoing, Self-Help is authorized, but not required, to file or record any such instruments, and the Debtor shall cooperate with Self-Help in the execution and filing thereof.

12. The DIP Liens and all other rights and interests granted to Self-Help pursuant to this Interim Order and the DIP Loan Documents shall be entitled to the protections of Section 364(e) of the Bankruptcy Code in the event that this Interim Order or any provision hereof is vacated, reversed, or modified on appeal or otherwise.

13. The requirements of Bankruptcy Rule 6004(a) are waived. The 14-day stay provided in Bankruptcy Rule 6004(h) is waived, and this Interim Order shall be effective immediately upon entry.

14. A final hearing (the "Final Hearing") on the DIP Financing Motion shall be held before this Court on Wednesday, May 27, 2026, at 1:00 p.m. at the United States Bankruptcy Court, 300 Fayetteville St., Third Floor, Raleigh, NC 27601.

15. Any objections to the entry of the Final Order on the DIP Financing Motion shall be filed and served no later than 5:00 p.m. on the day prior to the Final Hearing (the "Objection Deadline"), upon: (i) counsel for the Debtor, Waldrep Wall Babcock & Bailey PLLC, 3600 Glenwood, Suite 210, Raleigh, NC 27612 (Attn: Ciara L. Rogers); (ii) counsel for Self-Help; and (iii) the Office of the Bankruptcy Administrator.

16. Notwithstanding anything herein to the contrary, the entry of this Interim Order is without prejudice to the rights of any party in interest to object to the DIP Financing Motion at the Final Hearing.

17. This Interim Order shall be binding upon and inure to the benefit of the Debtor, Self-Help, and their respective successors, assigns, heirs, executors, and representatives. The provisions of this Interim Order, and any actions taken pursuant hereto, shall survive the entry of

any order: (a) confirming a Chapter 11 plan; (b) converting this Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code; or (c) dismissing this Chapter 11 Case.

18. To the extent of any inconsistency between the provisions of this Interim Order, the DIP Financing Motion, and the DIP Loan Documents, the terms of this Interim Order shall govern and control.

19. The Bankruptcy Court shall have exclusive jurisdiction over all matters arising out of or relating to the implementation, interpretation, and enforcement of this Interim Order and the DIP Facility documents. The parties irrevocably consent to the jurisdiction of the Bankruptcy Court for such purposes.

**END OF DOCUMENT**

Exhibit 1

| Expenses | Amount due by 5/15/2026 | Amount due by 5/31/2026 |
|---|---|---|
| **Contractors** | | |
| Financial Aid Contractors | 3,665.00 | - |
| Human Resources and Facilities Contractor | - | - |
| Administrative Contractor | - | - |
| Marketing Contractor | 2,307.60 | - |
| Finance Contractor | - | - |
| **Utilities** | | |
| Water/Sewage | 14,795.73 | 13,674.53 |
| Electricity | - | - |
| Gas | - | 562.20 |
| Waste Removal | - | 711.87 |
| **Information Technology** | 16,380.00 | 6,389.13 |
| **Accounting Software** | - | - |
| **Communications** | 5,674.70 | - |
| **Professional Fees** | | |
| Debtor's Counsel | - | - |
| **Repairs and Maintenance** | | |
| Repairs For Residential Apartments | 4,411.25 | - |
| Lawn Care | 500.00 | - |
| Fencing | - | 10,000.00 |
| Boarding Up Buildings | - | 4,000.00 |
| **Payroll** | | |
| Estimated Payroll | 42,044.78 | 42,044.78 |
| Estiamted PayrollTtaxes | 3,636.87 | 3,636.87 |
| Estimated ADP Fees | 689.00 | 689.00 |
| **Other Expenses** | | |
| Other Miscellaneous Expenses | 1,000.00 | 1,000.00 |
| | | |
| **Total** | **95,104.93** | **82,708.38** |